30796. PARKER *v.* THE STATE.

DECIDED APRIL 6, 1945.

*J. T. Sisk,* for plaintiff in error.

*R. Howard Gordon, solicitor-general,* contra.

GARDNER, J. In *Dorsey* v. *State,* 108 *Ga.* 477 (34 S. E. 135), the Supreme Court, after having related the facts which in our

opinion more nearly tend to establish an assault with intent to rape than do the facts in the instant case, stated: "The main point upon which we place our judgment is, that the evidence does not show an intention on the part of the accused to have carnal knowledge of Mrs. Vines forcibly and against her will. An intention to do any one of three things might be inferred from this evidence: rob, frighten, or rape; or there might have been some other motive for his conduct, difficult to conjecture. It is not sufficient that the intent to do one may as likely be presumed as an intention to commit the others; but the question is: Is the intention to commit the crime charged 'more likely to be true than any other?'" In the *Dorsey* case the court cites and comments upon many cases which had previously been before the court touching the question now before us in the instant case. Attention is called to cases with facts sufficient to sustain a verdict of assault with intent to rape, and other cases with facts insufficient to sustain such a verdict. The facts in the instant case, to our minds, clearly ally the facts of this case with the latter class. We have carefully studied and compared the cases and have reached the conclusion that the evidence in the instant case is insufficient to sustain a conviction of an assault with intent to rape. In addition to the cases cited in *Dorsey* v. *State,* supra, we would like to call attention to *Horseford* v. *State,* 124 *Ga.* 784 (53 S. E. 322); *Pauldo* v. *State,* 29 *Ga. App.* 389 (115 S. E. 668); *Little* v. *State,* 42 *Ga. App.* 222 (155 S. E. 352); *Green* v. *State,* 42 *Ga. App.* 437 (156 S. E. 637); *Scott* v. *State,* 63 *Ga. App.* 353 (11 S. E. 2d, 64).

Judgment reversed. *Broyles, C. J., and MacIntyre, J., concur.*